UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09-19-1 |
| | § | |
| LEONARDO REGALADO, | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant Leonardo Regalado's Motion for Compassionate Release and/or Reduction in Sentence under Title 18 U.S.C. §§ 4205 and 3582 (D.E. 118) and Amended Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018 (D.E. 120), to which the United States of America (the "Government") has responded (D.E. 121).

**I. BACKGROUND**

In 2007, Defendant was serving a 70-month sentence at FCI Three Rivers for heroin trafficking when he and another inmate stabbed a third inmate 32 times in a gang hit ordered by Mexican Mafia leaders. Miraculously, the intended victim survived. Defendant ultimately pled guilty to attempted premeditated murder in 2010 and was sentenced to 180 months' imprisonment, to be served consecutively to his prior sentence for heroin trafficking. He has served approximately 75% of his current sentence and has a projected release date of November 29, 2023.

Defendant now moves the Court to reduce his sentence to time served and/or order his immediate release to home confinement pursuant to 18 U.S.C. § 3582(c) because he fears contracting COVID-19 while in prison. He further claims he is unable to undergo surgery on his

back and hips because all non-essential medical appointments have been cancelled due to COVID-19. He filed an administrative request for compassionate release within the Bureau of Prisons (BOP) claiming his medical conditions warrant consideration based on the COVID-19 pandemic, but the warden at Allenwood USP denied his request. D.E. 118-1, p. 1. Defendant did not appeal.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the

2

reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
>
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>
> (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
>
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

## III. ANALYSIS

Defendant is 45 years old. He has offered evidence that he is diabetic (D.E. 118-2), which he claims places him at a 90% risk of death should he contract COVID-19. He further states that

4

he has severe back and hip pain requiring surgery and will suffer irreparable harm if he continues to walk on damaged hips, as all non-essential medical appointments have been cancelled.

The Government opposes compassionate release on the grounds that: (1) Defendant has failed to exhaust his administrative remedies by appealing the warden's decision through the BOP's Administrative Remedy Process, as required under 18 U.S.C. § 3582(c)(1)(A); (2) Defendant's medical records indicate that he has been prescribed Prednisone and that his back and hip complaints do not require immediate care or treatment, nor do they "substantially diminish[] [his] ability to provide self-care within the environment of a correctional facility and from which . . . he is not expected to recover," or demonstrate "a serious deterioration in physical or mental health because of the aging process" under U.S.S.G. § 1B1.13; (3) the BOP is well-equipped to manage COVID-19 within Allenwood USP, and there have been no inmates infected at this facility to date; and (4) Defendant has failed to demonstrate that he is not a danger to the safety of the community or that he otherwise merits release under the 18 U.S.C. § 3553 factors.

While the fact that Defendant is diabetic does place him at a higher risk for severe illness from COVID-19 under current Centers for Disease Control and Prevention (CDC) guidelines,[1] the Court finds that this risk is outweighed by the danger to the safety of the community if he is released. *See* 18 U.S.C. §3142(g); U.S.S.G. § 1B1.13(2). Defendant's scored criminal history dates back to 1992, when, at age 17, he received a 10-year sentence for aggravated assault with a deadly weapon after he made obscene gestures at a passing car and then fired shots at the driver.

---

1. According to the CDC, "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." *People Who Are at Higher Risk for Severe Illness*, CDC (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html? These conditions include: chronic lung disease; moderate to severe asthma; serious heart conditions; severe obesity; diabetes; chronic kidney disease; and liver disease. Also at a higher risk are people who are immunocompromised due to cancer treatment; smoking; bone marrow or organ transplantation; immune deficiencies; poorly controlled HIV or AIDS; and prolonged use of corticosteroids and other immune weakening medications. *Id.*

He was released on shock probation in 1993, but his probation was revoked a year later when he was convicted of the unlawful carrying of a weapon. He spent the next decade in prison and was released in 2004. In 2005, he was sentenced to 70 months in the BOP for heroin trafficking, and in 2007, he committed the current offense of conviction—stabbing a fellow inmate 32 times in an attempted gang hit. According to Defendant's Inmate Disciplinary Record for his current prison term, he has been disciplined for possessing a dangerous weapon on five separate occasions (including several shanks); testing positive for buprenorphine (an opioid painkiller); stealing; swallowing/destroying an unknown substance during a search; and possessing gambling paraphernalia. D.E. 120-3. Defendant admits he has had an "ugly disciplinary history" and "wish[es] he could tell the Court he has been a model inmate, but he can't. He has his regrets!" D.E. 120, p. 2; D.E. 118, p. 3.

Having considered the factors set forth in 18 U.S.C. § 3553(a), the Court finds that a sentence reduction is not warranted in this case.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion and amended motion for compassionate release (D.E. 118, 120) are **DENIED**.

It is so **ORDERED** this 7th day of July, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE